UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WESLEY BIRRELL,[1] | No. 2:16-cv-1818 JAM CKD P |
| Plaintiff, | |
| v. | ORDER AND |
| RAYMOND D. JACKSON, SR., | FINDINGS AND RECOMMENDATIONS |
| Defendants. | |

Plaintiff, proceeding with counsel, has filed a civil complaint and requested leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff was a state prisoner at the time he filed his complaint, therefore the court is required to screen the complaint pursuant to 28 U.S.C. § 1915A(a). This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Under 28 U.S.C. § 1915A, the court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon

/////

---

[1] The complaint on file identifies this action as a class action and names several plaintiffs. However, class certification under Federal Rule of Civil Procedure 23 has not yet been obtained and only plaintiff Birrell has applied to proceed in forma pauperis.

1

which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Furthermore, a claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

After conducting the required screening, the court finds that plaintiff's complaint states a claim upon which relief can be granted for injunctive relief under the Eighth Amendment against defendant Fox in his official capacity as the Warden of the California Medical Facility.  Plaintiff has not stated a claim for damages against any defendant, however, because plaintiff fails to point to any facts suggesting he has, as yet, suffered any actual injury.   Accordingly, the court will recommend that all defendants other than defendant Fox be dismissed.

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Service is appropriate for defendant Fox.

3. The Clerk of the Court shall send counsel for plaintiff aUSM-285 form, a summons, an instruction sheet and a copy of the complaint.

4. Within thirty days from the date of this order, counsel shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for defendant Fox; and

    d. Two copies (add one for USM) of the complaint.

5. Counsel for plaintiff need not attempt service on defendant Fox and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve defendant Fox pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

IT IS HEREBY RECOMMENDED that all defendants other than defendant Fox in his official capacity as Warden of the California Medical Facility be dismissed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 18, 2017

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1/birr1818.1

1
2
3
4
5
6
7

8                    UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11 | DAVID WESLEY BIRRELL,            No. 2:16-cv-1818 JAM CKD P

12 |            Plaintiff,

13 |     v.                           NOTICE OF SUBMISSION

14 | RAYMOND D. JACKSON, et al.,      OF DOCUMENTS

15 |            Defendants.

16

17    Plaintiff submits the following documents in compliance with the court's order filed

18 _____:

19        \_\_\_\_         completed summons form

20        \_\_\_\_         completed USM-285 forms

21        \_\_\_\_         copies of the _____
                                      Complaint
22

23 DATED:

24

25                                    _____
                                      Counsel For Plaintiff
26  _____

27
28

                                       1