UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID WESLEY BIRRELL, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>ROBERT W. FOX,<br><br>Defendant. | No. 2:16-cv-1818 JAM CKD P<br><br><br><br>ORDER |

Plaintiffs are California prisoners proceeding through counsel with a claim for injunctive relief arising under the Eighth Amendment concerning allegedly hazardous conditions at the California Medical Facility in Vacaville. Defendant is the Warden at the California Medical Facility. Before the court is counsel for plaintiffs, Paul R. Martin's, motion to withdraw.

After considering the motion, plaintiff Birrell's opposition and defendant's non-opposition, the court is inclined to grant the motion due to Mr. Martin's purported deteriorating physical condition and the acrimonious relationship between Mr. Martin and at least two plaintiffs including plaintiff Birrell.

Before the court grants the motion, Mr. Martin will be required to turn over all material in his possession relevant to this case to Mr. Birrell.

/////

/////

1

Also, while it appears plaintiff Birrell wishes to proceed with this action, it is not clear that any of the other plaintiffs do.[1] In any case, it is not clear why there are multiple plaintiffs since there are no allegations in the amended complaint particular to any plaintiff. Good cause appearing, the court will grant the 16 plaintiffs identified in the amended complaint other than plaintiff Birrell an opportunity to indicate whether they wish to remain a plaintiff in this case, and, if so, why.[2] Failure to respond to this order will result in a recommendation of dismissal without prejudice.

In his opposition to Mr. Martin's motion, plaintiff Birrell requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff has failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

/////

---

[1] In his opposition, plaintiff Birrell identifies himself as the "primary plaintiff," and Mr. Martin's "final client in this suit."

[2] Under Rule 21 of the Federal Rules of Civil Procedure, "the court may at any time, on just terms, add or drop a party."

2

Accordingly, IT IS HEREBY ORDERED that:

1. Within 30 days, Mr. Paul R. Martin shall turn over all material in his possession relevant to this case to plaintiff David Wesley Birrell and shall file an affidavit with the court indicating he has done so.

2. The Clerk of the Court is directed to serve this order upon the 17 plaintiffs identified in plaintiffs' amended complaint at the addresses identified in Mr. Martin's motion to withdraw.

3. Within 30 days, any of the 16 plaintiffs identified in the amended complaint other than plaintiff Birrell may file with the court notice that they wish to remain a plaintiff in this case, and, if they do wish to remain, they must explain why.

4. Plaintiff Birrell's request for the appointment of counsel is denied.

Dated: October 31, 2018

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
birr1818.mtw(p)